IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DANA LYDELL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 08-432-S-BLW |
| | ) | (lead case) |
| vs. | ) | Case No. CV 08-515-S-EJL |
| | ) | |
| C.L. "BUTCH" OTTER, | ) | **INITIAL REVIEW ORDER,** |
| BRENT D. REINKE, DIRECTOR, | ) | **AND ORDER OF CONSOLIDATION** |
| JOHN HARDISON, WARDEN, | ) | **AND REASSIGNMENT** |
| PHILLIP VALDEZ, WARDEN, | ) | |
| KENNETH K. JORGENSON, | ) | |
| ALL OFFICERS TRAINED TO USE | ) | |
| O/C IN IDAHO DEPARTMENT OF | ) | |
| CORRECTION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Idaho state prisoner Dana Lydell Smith has filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of the Eighth Amendment. The Court now reviews the Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. Having reviewed the record, the Court enters the following Order.

### REVIEW OF THE AMENDED COMPLAINT

In his original Complaint, Plaintiff Smith contended that in October 2008 correctional officers at the Idaho Correctional Center sprayed an excessive amount of chemical spray on inmates involved in a fight in the dining hall, causing bystanders to be subjected to the chemical. He asserted that this incident involved excessive force, violating the prohibition against cruel and unusual punishment under the Eighth

**ORDER- 1**

Amendment.  The Court conducted an initial review of the Complaint and concluded that Smith had failed to allege that he had personally suffered any injury from the chemical spraying.  The Court instructed him to submit an amended pleading or to voluntarily dismiss his Complaint.  (Docket No. 9, pp. 4-5.)

Smith has now filed his Amended Complaint.  He makes the same general allegations, but he also asserts that he suffered an "upset stomach, coughing, and loss of breath after this incident."  (Amended Complaint, pp. 6-7.)  The Court concludes that Smith has set forth a cognizable excessive force claim under the Eighth Amendment.  *See Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992) (holding that the force used must be more than *de minimis*, but the prisoner need not allege a "serious" injury to make out a claim).

However, despite the Court's instructions, Smith has not alleged any link between listed defendants C.L. "Butch" Otter, Brent Reinke, or Kenneth Jorgenson and the allegedly unlawful actions in this case.  Those defendants shall be dismissed.  If Plaintiff later discovers evidence that establishes a link, he may seek an amendment at an appropriate time.  The other listed defendants appear to be employees of the Idaho Correctional Center where the incident or incidents occurred, and they shall not be dismissed at this time.

## CONSOLIDATION AND EARLY MEDIATION

The excessive force claim in Smith's case is apparently based on the same policies or incidents alleged in *Orr v. Idaho Correctional Center, et al.*, CV 08-515-S-EJL.  The *Orr* case has been referred to early mediation in an effort to resolve the issues raised

**ORDER- 2**

therein.[1]  (Docket No. 5.)  The case has also been stayed pending the appointment of counsel.  Because the Court finds that there are common issues of fact and law in these cases, they shall be consolidated.  If the parties settle, the Court will not require Plaintiff to pay the filing fee or order the Defendants to file an answer.  If not, the Court will re-evaluate whether the Plaintiff may proceed in forma pauperis.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that named defendants C.L. "Butch" Otter, Brent Reinke, and Kenneth Jorgenson are dismissed from Case No. CV 08-432-S-BLW.

IT IS FURTHER ORDERED that the following cases shall be consolidated:  Case No. CV 08-432-S-BLW and Case No. CV 08-515-S-EJL.

IT IS FURTHER ORDERED that Case No. CV 08-432-S-BLW shall be reassigned to United States District Judge Edward J. Lodge.  The case number shall changed to CV 08-432-S-EJL.  Case No. CV 08-432-S-EJL shall be designated the lead case, and all future filings shall be submitted under that case number.

IT IS FURTHER HEREBY ORDERED that Case No. CV 08-432-S-EJL  is STAYED and ADMINISTRATIVELY TERMINATED pending appointment of counsel for Plaintiff.  The Court will issue a subsequent order appointing counsel and setting the

---

[1] Early mediation means that Plaintiff will have the opportunity to sit down with the Defendants and a neutral mediator to try to settle the case prior to having to pay the filing fee.

**ORDER- 3**

mediation conference.

IT IS FURTHER HEREBY ORDERED that the parties shall not file additional papers or pleadings until further order of the Court.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall serve a copy of this Order on the following attorneys and agents:

1. Steve Groom, Deputy General Counsel, Corrections Corporation of America (CCA), 10 Burton Hills Boulevard, Nashville, TN 37215, on behalf of the ICC/CCA Defendants; and

2. Kirtlan Naylor, Naylor & Hales, P.C. 950 W. Bannock, Ste. 610, Boise, ID 83702, also on behalf of the ICC/CCA Defendants.

DATED: **March 9, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER- 4**